Frances L. Davis v. Commissioner.
Davis v. Commissioner
Docket No. 22378.
United States Tax Court
1950 Tax Ct. Memo LEXIS 150; 9 T.C.M. (CCH) 591; T.C.M. (RIA) 50170; July 7, 1950
E. D. McCurdy, Esq., 2500 Terminal Tower, *151 Cleveland, Ohio, for the petitioner. Cyrus A. Neuman, Esq, for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion HARRON, Judge: Memorandum Findings of Fact and Opinion was entered in this proceeding on April 3, 1950 [9 TCM 306], with directions to the parties to file with the Court their respective recomputations under Rule 50 of the liability of the petitioner for income and victory tax for the year 1943 and for income tax for the year 1944. The decision in this proceeding has not been entered. There are three issues for decision. The second issue, which relates only to the year 1943, was decided originally against the petitioner for failure of proof. The third issue relates to the years 1943 and 1944. This issue was decided against petitioner for failure of proof. Petitioner filed a motion asking the Court to reconsider its decisions under the second and third issues, after entry of the Memorandum Findings of Fact and Opinion. This motion could not be granted because there was no error by the Court in view of the petitioner's failure of proof. However, the facts upon which no proof was presented by petitioner were very *152 simple facts about which it appeared to the Court that there could be no dispute. Since an injustice might be done in a situation where deductions clearly would be allowable if the facts were as the petitioner alleged, the Court on its own motion directed the parties to stipulate the facts which had not been proved. On June 27, 1950, the parties filed a stipulation of facts. The necessary facts now being part of the record in this proceeding, petitioner's motion for reconsideration has been granted. It is proper for the Court to observe that the facts which have been stipulated belatedly either should have been proved at the trial of this proceeding, or the stipulation of certain facts should have been filed timely. The belated stipulation of facts, which the Court requested on its own motion provides the occasion for this Supplemental Findings of Fact and Opinion which modifies the holdings made in the original Findings of Fact and Opinion under Issues 2, and 3. The stipulation of facts now removes the element of failure of proof under the second and third issues. Supplemental Findings of Fact Issue 2. The husband of petitioner, Walwin L. Davis, now deceased, did not claim any *153 part of the personal exemption credit of $1,200 in his 1943 individual income tax return, but he did claim and was allowed the entire personal exemption credit of $1,200 in his 1942 individual income tax return. Petitioner, in her separate return for 1943, claimed personal exemption of $1,200. Issue 3. The date of birth of Donal M. Davis, son of the petitioner, is December 23, 1926. Petitioner's son, Donal, did not reach the age of eighteen years until December 23, 1944. In his individual income tax return for the year 1942, the husband of petitioner, Walwin L. Davis, deceased, claimed and was allowed credits for two children, Donal and Jean, as dependents, but he did not claim any credits for the aforenamed two children as dependents in his income tax returns for the years 1943 and 1944. Neither of the children of petitioner, namely, Donal or Jean, had or received during the calendar years 1942, 1943, or 1944, any independent income of their own. Each of the children, Donal and Jean, were dependent upon and received their chief support from petitioner during 1943. Each of the children, Donal and Jean, received over half of their support from petitioner during 1944; they *154 were her children; and each child had less than $500 income during 1944. Supplemental Opinion Issue 2. This issue relates only to the year 1943. The petitioner claimed a personal exemption deduction of $1,200 in her separate return for 1943, which respondent disallowed because he was not informed by petitioner in her separate return whether or not her husband, Walwin L. Davis, who was living in 1943, but is now deceased, had taken all or part of the $1,200 personal exemption under section 25 (b) (1) of the Internal Revenue Code, as amended by section 131 (a) (1) of the 1942 Revenue Act, in his separate income tax return for 1943. Section 25 (b) (1), as amended, allows either one of the spouses making separate returns, to take deductions for all of the personal exemption of $1,200, or both, to take one-half, $600, of the personal exemption in their separate returns. The evidence in this proceeding now shows that the husband of petitioner elected not to take any part of the personal exemption deduction in his return for 1943; and that petitioner, in her separate return for 1943, took the entire personal exemption deduction of $1,200. It is held that the *155 respondent erred in denying petitioner the personal exemption deduction for 1943 in the full amount of $1,200, to which petitioner is entitled under section 25 (b) (1)of the Code, as amended. Issue 3. This issue relates to the years 1943 and 1944. Petitioner claims credits for two dependents, two children - Donal and Jean - in 1943 and 1944. The question arises under section 25 (b) of the Code. Under this section the amount of the credit allowed for each dependent is $350 for the year 1943, and $500 for the year 1944. See section 10 (b) of the 1944 Revenue Act, amending section 25 (b) as it applied to the year 1944. A. Under the evidence as it now stands in this proceeding, petitioner is entitled to a dependency credit of $350 for 1943 for her son, Donal, who was under eighteen years of age in 1943, as well as a dependency credit for her daughter, Jean, who, also, was under eighteen years of age in 1943. Neither of these children had any independent income of their own during 1943, and both were dependent upon petitioner and received their chief support from petitioner during 1943. See section 25 (b) (2)(A), as amended by section 131 (b) of the 1942 Revenue Act. It is so held. *156 Respondent erred in denying petitioner two dependency credits for 1943 in the total amount of $700. B. It is held, upon the evidence now before us, that each of petitioner's children, Donal and Jean, were dependents of hers during 1944, within the definition of dependents in section 25 (b) (1) (c) (3) of the Code, as amended by section 10 (b) of the 1944 Revenue Act; that petitioner is entitled to two dependency credits of $500 for each child; and that the respondent erred in denying the petitioner the two credits totalling $1,000 which she deducted in her separate return for 1944. It has been found as a fact that each of the above named children had income of less than $500 during 1944, and that each child received over half of his and her support from the petitioner during 1944. Petitioner has now introduced the evidence which is a prerequisite to obtaining the credits for two dependent children for 1944, which she claimed. Respondent filed a recomputation of the tax liability of the petitioner for 1943 and 1944, under Rule 50, pursuant to the determination of the Court in its original Memorandum Findings of Fact and Opinion which was entered on April 3, 1950 [9 TCM 306,]. *157 No action has been taken by the Court with respect to respondent's recomputation. Petitioner has not yet filed her recomputation under Rule 50. The parties are directed to file their respective recomputations under Rule 50, promptly, in accordance with the determinations of the Court under the Memorandum Findings of Fact and Opinion entered on April 3, 1950 [9 TCM 306], as modified by this Supplemental Findings of Fact and Opinion. Decision will be entered under Rule 50.